WEBB, J., recused.

No. 2674

Second Circuit

———

WOOLEY BROS. v. THARPE DRILLING COMPANY

———

(July 1, 1929. Opinion and Decree.)

———

Robertson and Gibbs, of Shreveport, attorneys for plaintiff, appellee.

Fuller & Wilson, of Shreveport, attorneys for defendant, appellant.

REYNOLDS, J. Plaintiff sued defendant to recover judgment against him for $105.20 and interest thereon as the price of certain merchandise alleged to have been sold and delivered on open account.

Defendant denied owing plaintiff anything and alleged that plaintiff owed it $22.40 as the price of certain property alleged to have been sold and delivered by it to plaintiff, and defendant reconvened against plaintiff for that amount.

On these issues the case was tried and there was judgment in favor of plaintiff and against defendant for $90 with legal interest thereon from January 20, 1925. No disposition seems to have been made of the reconventional demand.

The defendant appealed.

Plaintiff has answered the appeal and asks that the amount of the judgment be increased to $105.20 and that it have judgment against defendant for an additional sum equal to 10 per cent of the amount sued for as for frivolous appeal.

L. C. Tharpe, who is the Tharpe Drilling Company, as witness in his own behalf, testified that he only owed plaintiff $90, claiming that certain work done for him by plaintiff was done under contract and at the agreed price of $90, and that in doing the work plaintiff had used certain lumber of his worth about $28 and for which plaintiff had refused to pay.

S. R. Wooley, one of the plaintiffs, testifying on behalf of plaintiff, denied that the work was done on a contract basis or that there was any contract between plaintiff and defendant for the doing of the work and alleged that it was done on a quantum meruit basis and that it was reasonably worth $105.20.

The burden was on plaintiff to establish the indebtedness of $105.20 claimed. The testimony of its witness Wooley that the work was done on a quantum meruit basis and that it was reasonably worth that amount is set off by the testimony of defendant's witness Tharpe that the work was done under contract and for the price of $90. Therefore, the burden was not discharged beyond the amount admitted to be owing by defendant. Defendant's reconventional demand was not established by any definite or positive evidence.

Under the law and the evidence the judgment appealed from is correct and is affirmed.