**DORSEY et al. v. ASHFORD.** *

No. 16476.

Court of Appeal of Louisiana. Orleans.

Nov. 15, 1937.

*Rehearing denied Dec. 13, 1937.

Feitel & Parker, of New Orleans (Jno. E. Parker, of New Orleans, of counsel), for appellants.

Guidry & Willis, of St. Martinsville (E. E. Willis, of St. Martinsville, of counsel), for appellee.

JANVIER, Judge.

This case presents a most unusual situation. A householder, Mrs. Ashford, who had secured a policy of fire insurance containing a clause under which not more than 10 per cent. of the face of the policy might be considered as covering property of guests and servants, sustained a loss by fire in which property of certain persons, plaintiffs here, living in the said premises, was also damaged. In adjusting the loss with the insurer, the defendant, insured, included $274 as the damage sustained by property of servants, and collected the full amount of her own claim and also the full amount of her own claim and also the full amount of the claim for $274, and then refused to pay over to the servants the said sum collected for the property loss or damage sustained by them. They now sue for $254, alleging that, although defendant collected the full amount of their loss, $274, she has paid them but $20 on account of the amount received by her and due to them.

The matter was tried under an agreed stipulation of fact, which now follows:

" * * * the following facts are stipulated and agreed to:

"1. In making proof and adjustment of loss resulting from the fire which occurred in premises 7812 St. Charles Avenue in February, 1934, a valuation of $274.00 was placed on the personal effects and property belonging to plaintiffs herein, and settlement was made with the Insurance Company on that basis, said amount having been received from said Insurance Company, by defendant herein.

"2. Without the necessity of filing a supplemental answer to support such proof, it is stipulated and agreed that the total amount received by defendant from the Insurance Company was $1,110.00; that said amount of $1,100.00 was based on an itemized list of personal effects and property (including the personal effects and property of plaintiffs) determined and found, as of the date of settlement, to have been damaged and/or destroyed; that, however, since said settlement it has been determined and discovered that additional personal property and effects belonging to the defendant in the amount of $107.00 were damaged and/or destroyed by said fire.

"3. While it is stipulated and agreed that additional personal property and effects were damaged and/or destroyed as above set forth, counsel for plaintiff reserves the right to object and does object to the materiality and relevancy of such fact. Defendant, on the other hand, contends that even if a judgment could be rendered, which is denied, the same, in the alternative, should be subject to a credit of $107.00."

It is asserted by defendant that the plaintiffs were not servants, and therefore have no right to make any claim for the proceeds, and also that the plaintiffs were in no way protected by the policy provision permitting the allocation of a certain part of the coverage to property of guests and servants; that that contract is purely personal to the insured; and that collection thereunder does not create any obligation to make pay-

ment to the owners of the property damaged or destroyed.

Plaintiffs, conceding that they had had no part in the procuring of the insurance and had not paid any portion of the premium, contend that they are, nevertheless, protected by the policy provision, which, it is asserted, should be considered as a stipulation "pour autrui" to such an extent as to create in them the right to recover from the insured so much as was paid over by the insurer as the loss sustained by them.

There was judgment for defendant, and plaintiffs have appealed.

■ Defendant cannot be heard to raise the question of whether plaintiffs are servants within the contemplation of the policy provision which permitted not more than 10 per cent. of the face thereof to cover property of guests and servants because it was only by virtue of the fact that they were considered as servants that the defendant received from the insurer the $274 payment which is involved here. Since, admittedly, the property for the loss of which this amount was paid did not belong to defendant, and since, so far as the record shows, there was no other provision under which she could recover for the loss of property not her own, it must be assumed that it was under that provision that the collection was made. Therefore, when defendant availed herself of that provision to collect the amount, she estopped herself to contend that the plaintiffs were not within the protection of that provision.

Defendant next maintains that the policy provision is not to be construed as a stipulation "pour autrui," and she relies, in support of this argument, largely upon the wording of the clause itself. It reads as follows: "Not exceeding 10% of the amount of this policy shall also cover, as per above form, property of guests and servants, loss, if any, to be adjusted with and payable to the insured named in this policy."

The fact that the loss, where it is sustained by guests or servants, is to be paid to the insured and not to the servants or guests, is claimed to be significant of the intention of both the insurer and insured that the guest or servant is not concerned in the proceeds of the policy, which, it is contended, become, in full and complete ownership, the property of the insured.

■ The words of the clause need not necessarily be so construed. All that we think the parties must be held to have intended is this: That the insurance, within the limit set forth, was to cover property of guests and servants, but that the insurer was not to be required to make adjustments with them and need only settle the loss with the one insured, who, to the extent of the property of others, should be considered as acting for the others.

■ We have no doubt at all that the inclusion of such a clause in a standard fire policy does not indicate intention on the part of those who framed it and on the part of those who have subsequently approved it that the insured should be given the right to recover on a loss which he has not sustained. If that was the intention, then to that extent such a policy would plainly be a gambling contract pure and simple. The making of such a contract would, obviously, be contrary to public policy. It would not do to permit "A" to insure, for his own account, goods belonging to "B" and in which "A" has no insurable interest. Since, therefore, to interpret the clause as giving "A" that right would be to make out of it an agreement reprobated by law, it follows that some other legal interpretation should be given to it if any other interpretation is possible (R.C.C. art. 1951), and it appears to us that it can be given a completely legal interpretation if it be considered as a stipulation "pour autrui".

■ Nor can we interpret the clause from the point of view of the parties to the contract after the loss has occurred. We must look at it as they must have looked upon it had they given it consideration prior to the occurrence of the fire. Had the defendant, before the fire took place, been apprised of the fact that there was in her policy a provision to the effect that, in case of fire, the loss of the goods of her servant could be included in the claim, we entertain not the slightest doubt that she would not for an instant have given thought to the possibility that she might collect for their loss and retain for herself that collection. So much for the insured.

And what about the insurer? Prior to the loss and after it, too, for that matter, the insurer no doubt believed that the policy provision was a stipulation under which a loss of the servants might be included in the claim along with the claim of the insured. Surely it, the insurer, never believed that the policy could be construed as giving to the insured the right to collect for herself not only for her own loss, but for that of her servants also. It, the in-

surer, certainly never intended to permit the creation of a situation under which the insured could be pecuniarily benefited by a loss under the policy. If such should be permitted, there would be an increase in the moral hazard far beyond anything contemplated by a reasonably prudent insurer. As we view the matter, then, when the policy was issued no one contemplated that the clause in question could be availed of to benefit the insured. If not, then it must have been inserted for the benefit of some one else—servants or guests mentioned therein.

■■ Many cases are cited as authority for the statement that insurance policies are personal contracts for the benefit of those who secure them. We need not refer to those cases except to concede the correctness of that doctrine. But, where an insured whose policy contains a clause inserted for the benefit of some one else collects under that policy on the basis of a loss sustained by that other person, then he, the insured, having made the collection because of the loss sustained by the other, may not retain the proceeds on the theory that the policy is a contract personal to him. That the question of whether such a clause is a stipulation "pour autrui" depends upon what the parties intended is conceded by defendant's counsel, who even cites as authority for that proposition the case of Allen & Currey Mfg. Company v. Shreveport Waterworks Company, 113 La. 1091, 37 So. 980, 986, 68 L.R.A. 650, 104 Am.St.Rep. 525, 2 Ann.Cas. 471, in which the court said that "the essential point must always be as to whether there was the intention to confer a right of action." It is true that in that case the court said that it is not every stipulation in which others are involved which must be considered as a stipulation "pour autrui," but even that language indicates that it is such a stipulation where it is "the intention of the parties" to confer the right upon a third person. That there is, in addition to the stipulation, a further one which requires that the loss "* * * be adjusted with and payable to the insured, * * *" is of no significance in view of the fact that the first portion of the clause, as we read it, gives to the servant or to the guest the right to claim the proceeds. The second portion merely refers to the adjustment of the loss and may be construed, not as depriving the third person of the right, but only as designating the

insured as the agent of the guest or servant in adjusting the loss. Any other construction would make the two clauses antagonistic and mutually destructive, for the former would afford the right, but the latter would prevent the enforcement of the remedy.

We even sense the possibility that, in the event the insured should refuse to present the claim of the servant or guest, there might result a most difficult situation. But here that is not the problem which confronts us. All that we find it necessary to say now is that, where the insured has actually adjusted the claim for the servant or for the guest under a stipulation which we construe as one pour autrui, the insured may not retain the proceeds in the face of a claim of the true owner.

■ The fact that defendant has now discovered that her loss was greater than she at first realized and "that additional personal property and effects belonging to the defendant in the amount of $107.00 were damaged and/or destroyed by said fire" is of no consequence here. That is defendant's misfortune. Her loss to this extent results solely from her own neglect to ascertain the full amount of her loss when she adjusted the matter with the insurer, for, had she ascertained the full amount, the policy limit was ample to have afforded that protection, and she could have recovered this additional sum for herself.

Defendant contends that, when she paid the $20 which plaintiffs maintain evidenced a realization of the fact that the money she had collected was collected for their account, she did so not as part payment on account of the amount collected, but merely because plaintiffs, needing the money for a private purpose of their own, asked her to help them out to that extent.

Since, however, she has paid them $20, receipt of which is admitted by plaintiffs, their claim was reduced by that amount.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is annulled, avoided, and reversed, and that there now be judgment in favor of plaintiffs, Henry Dorsey and Willie Dorsey, and against defendant, Mrs. Edna G. Ashford, in the full sum of $254, with legal interest from judicial demand and for all costs.

Reversed.