CULPEPPER, Judge.
This is a suit by Otis Franks, as administrator of the succession of Joyce B. Har *692 per, deceased, against Eddie B. Harper, surviving husband of said decedent, for judgment in the sum of $7,600 representing the value of decedent’s one-half community interest in certain cattle, furniture, fixtures, personal effects, money and fire insurance proceeds allegedly taken by defendant and converted to his own use. From a judgment in plaintiff’s favor for the sum of $5,334.50 the defendant has taken this appeal. Plaintiff has answered the appeal contending that it is frivolous and demanding damages therefor.
There is no dispute as to the facts. Defendant and the deceased, Joyce Beatrice Harper, were married on December 1, 1944, it being the second marriage for both. At the time of said marriage, the deceased wife had a child, Charles Vernon Franks, by a previous marriage. This child is a nephew of the plaintiff, who is a brother of said decedent’s first husband, also deceased. Of the marriage between defendant and his said deceased wife, there were born two children named Eddie Bob Harper and Odell William Harper. Joyce Beatrice Harper died intestate on August 17, 1960, leaving as her surviving heirs at law the three minor children above named. Pier estate included an undivided one-half interest in the community formerly existing between her and defendant which consisted of a four acre tract of land and a dwelling house thereon, together with the furniture, personal effects and contents of said home, as well as a herd of approximately 19 head of cattle and a small bank account of undetermined amount. After the death of his wife, the defendant instituted no succession or tutorship proceedings. He admittedly sold the 19 head of cattle for $950, which funds he invested in an automobile registered in his own name. On November 29, 1960, approximately three months after the death of defendant’s wife, the dwelling house and all the contents thereof were destroyed by fire. At the time of its destruction there was in effect a fire insurance policy upon said property in the sum of $3,000, which had been taken out during the marriage. In addition thereto, there was another policy in the sum of $8,100 which had been taken out by the defendant in his own name after the death of his wife. Both insurance policies were paid to the full amount and the proceeds thereof were received by the defendant. From the proceeds of the $3,000 policy a mortgage indebtedness was paid to the City Savings Bank, under a loss payable clause therein, and the balance over the indebtedness, or the sum of $1,619, was paid to and received by the defendant. The entire face amount of the $8,100 policy was paid to and received by the defendant in settlement of the loss of the property. Most of the funds received by the defendant from these insurance settlements were used by him to purchase a new home in his own name in Merryville, Louisiana, about January of 1961. After purchasing the new home defendant remarried.
On appeal, the first issue raised by defendant is under an exception of no cause or right of action attacking the qualification of plaintiff as administrator of the succession. Defendant argues that since his wife died before the new Code of Civil Procedure went into effect on January 1, 1961, the appointment and qualification of an administrator for her succession is governed by the rules set forth in the old Louisiana Code of Practice, repealed as of January 1, 1961, under which rules defendant contends that he, as surviving spouse, had a prior substantive right to be named as administrator of his wife’s succession. This argument is without merit for several reasons. Under the specific provisions of Section 4, Act. 15 of 1960, LSA-C.C.P. vol. 1, p. 748, the new Louisiana Code of Civil Procedure is remedial legislation governing the procedure in all civil actions instituted after its effective date. The appointment and qualification of administrators of successions is clearly a procedural matter, as distinguished from substantive law, and therefore the qualification of plaintiff under letters of administration dated April 18, 1961 is governed by *693 the new Code of Civil Procedure and can violate no substantive right urged by defendant that under the old Code of Practice he had a prior right to be named as administrator. Although this answers the only argument advanced by defendant, it is perhaps appropriate to add that neither under the old Code of Practice nor under the new Code of Civil Procedure does defendant, as surviving spouse, have an absolute substantive right to be named as administrator of his wife’s succession. Furthermore, defendant does not seek to revoke plaintiff’s appointment, or to have him removed from office, for the reasons, or under the procedure, set forth in LSA-C.C.P. Art. 3181, 3182 which are now controlling as to the removal of administration from office.
As to the merits, the defendant questions on appeal only that portion of the award representing one-half of the $8,100 insurance policy proceeds described above. The trial judge did not render written reasons, but plaintiff’s argument as to the $8,100 insurance policy is that since the defendant, after the death of his wife, remained in control and possession of the home and its contents “he was fully responsible for the protection, preservation, conservation and care of the property, including the minor children’s interest, in the same manner as a prudent person would manage and control his own.” Plaintiff points out that defendant was usufructuary of the one-third interest owned by the two minor children who were issue of the marriage between defendant and his deceased wife (LSA-Civil Code, Article 916) and that as usufructuary defendant had the legal obligation to care for the property as if it belonged to him and is answerable for such losses as are caused by his neglect. LSA-Civil Code, Articles 224, 567, 570 and 578. Plaintiff contends that under these circumstances the defendant had the legal and moral obligation to carry fire insurance on the home and its contents for the protection of the minor children and that therefore “it must be concluded that the purchase of additional insurance or the maintenance of existing insurance in defendant’s name upon the joint property under his control under the within circumstances was for the benefit of all owners and entitled them all to participate in the proceeds of the loss thereunder as their interest might appear.”. In support of this contention plaintiff cites 46 C.J.S. Insurance § 1141, p. 20 which reáds as follows
“Where one of two or more joint owners or owners in common of property insures his interest separately against loss by fire, he is entitled in case of loss to recover and retain the insurance. In such a case the insurance does not inure to the benefit of his cotenant, especially if the insurance was on improvements made by insured at his own expense, or if insured has used the money in restoring the property or improvements. On the other hand, where a cotenant or joint owner insures the property as sole owner for its full insurable value and pays the premiums, the right of the others, who were not parties to the transaction, to an interest in the proceeds of the policy depends on the equities of the particular case. If the insurance is taken for the benefit and at the expense of all, each is entitled to his share of the proceeds, as where the one takes out insurance on the whole, and calls on his cotenants to contribute to the payment of the premiums, or pays them from rents of the common property. The proceeds of a policy which covers the respective interests of the owners of the property insured as their interest may appear belong to those who have an interest therein at the time the loss accrues.”
Even accepting, purely for the sake of argument, that the above general statement of the law is correct and is controlling in the instant case in this state, there is no factual basis, under the evidence here, for its application. After a careful *694 search of the record we do not find any evidence to show the “full insurable value” nor do we find any evidence to show the value of the insurable interest which the defendant had in the property, that is, the value of his undivided one-half interest plus the value of his usufruct covering the one-third interest owned by the two minor children who were issue of defendant’s marriage to the decedent. Since the evidence does not show the full value of the property, nor the value of defendant’s insurable interest, there is not even a showing in the instant case that the amount of the policy was more than defendant’s insurable interest, much less that he intended part of the coverage to be for the benefit of the other co-owners. The policy was not introduced in evidence, and we find no contention by plaintiff that it provided for payment to the owners “as their interest may appear”. Furthermore, there is no evidence that the insurance was taken out for the benefit or at the expense of all of the co-owners or that any of the premiums were paid with any rents or other common property. As stated above, the general rule is that where one of two or more joint owners insures his interest separately, in his name alone, he is entitled to recover and retain the insurance. As far as the evidence shows, this is what defendant did. Clearly, the burden was on plaintiff to show, if possible, that the policy covered or was intended to cover any interest other 'than defendant’s insurable interest. Plaintiff has failed to meet this burden.
As to plaintiff’s argument that he, as administrator of the decedent’s succession, is entitled to one-half of the proceeds of the $8,100 insurance policy because defendant has failed in his legal obligation as usufructuary to carry fire insurance for the protection of the one-third interest of which said two minors were naked owners, it is our opinion that although the said minors themselves, through their properly qualified tutors, or on reaching their majority, may have such a right of action for violation of the obligations of defendant as usufructuary, the instant suit by plaintiff as administrator of the succession of the deceased wife does not present such a right or a cause of action. The plaintiff sues here, as administrator of the succession, not as personal representative of the minors. The theory of plaintiff’s cause of action is that the succession owns one-half of the property and is therefore entitled tO’ one-half of the insurance proceeds. This is entirely different from the theory of any recovery which might be sought by the said two minors, for violation of usufructuary obligations. Even the amount of such damages to the minors would not be one-half of the insurance proceeds but might be more or less than this amount, depending upon the value of their undivided one-third interest in the property. Furthermore, the usufruct argument can have no application to the one-sixth interest owned by decedent’s child, Charles Vernon Franks, born of her first marriage, because, of course, defendant did not have the usufruct of this child’s interest.
The only case cited by plaintiff is Dorsey v. Ashford, 177 So. 88 (La.App. Orleans 1937) which was an action by servants of the named insured for $274 of the proceeds paid to the insured under a provision in the policy that 10% of the face value thereof would cover the property of guests and servants located in the insured premises. The court properly held that such a provision was a stipulation “pour autrui” and awarded the servants judgment against the defendant insured for their fire loss to the extent of the policy coverage. The instant case is easily distinguishable from the Dorsey case in that here we have no such stipulation “pour autrui”.
On the other hand, defendant argues the well established general principle of law that a policy of fire insurance is a personal contract between the insurer and the insured and that a person who is not either a party to the insurance contract or one for whose benefit it was written is not entitled to a share of the insurance proceeds by the mere fact that he has an in *695 surable interest in the property. Union Central Life Insurance Company v. Harp, 203 La. 806, 14 So.2d 643 and the many cases cited therein; LSA-R.S. 22:5(1); 46 C.J.S. Insurance § 1140. Under these authorities, it is abundantly clear that the mere fact that the succession owned an undivided one-half interest in the insured property, subject to the usufruct enjoyed by defendant on a one-third interest in the whole ownership, does not entitle the succession to any portion of the proceeds of this fire insurance policy. Able counsel for the plaintiff has made a rather persuasive equitable argument, but has presented no legal theory on which we can allow recovery under the evidence in the record.
In view of our conclusion, plaintiff’s demand for damages for frivolous appeal is of course denied. As regards costs of this appeal, it is our opinion that in this instance they should be equally shared by appellant and appellee.
For the reasons assigned the judgment appealed from is amended by reducing the amount of the award from $5,334.50 to $1,284.50 and as thus amended is affirmed. The costs of this appeal are assessed against plaintiff and defendant in the proportion of one-half to each.
Amended and affirmed.