FRUGÉ, Judge.
Plaintiff sued defendant to recover an undivided one-half interest in certain overriding loyalty interests under certain mineral leases allegedly acquired in defendant’s name for plaintiff and defendant’s mutual benefit as members of a partnership engaged in the acquisition and sale of mineral prospects. Plaintiff urged an alternative claim for services rendered to defendant on the basis of quantum meruit. The trial court rejected the claim for a one-half interest in the royalty interests but granted plaintiff $5,890.00 on his alternative claim based on quantum meruit. Defendant appealed the judgment and plaintiff answered the appeal asking for an increase in the award from $5,890.00 to $10,890.00.
Plaintiff and defendant were involved in mutual undertakings concerning the purchase and sale of various mineral interests. Plaintiff, as a geologist, provided geological information and services and defendant would contact landowners and oil company representatives about potential purchases or sales. If a particular prospect was acquired and resold at a profit, the parties deducted their expenses and split the profits evenly. The first such “joint venture” was in the fall of 1961 and three more prospects were consummated before the joint cooperation ended in July of 1963. All agreements between the parties were oral including the final accounting and settlement between the parties in 1963.
At one time the parties established a bank account in the name of Eumar Oil Company which was used for incidental expense and overhead in the joint ventures. Occasionally the parties referred to their joint venture as the Eumar Oil Company.
One prospect the parties allegedly undertook to exploit was the Bayou Boullion project. Plaintiff contends that he did the requisite geological work of assimilating and interpreting the available data on the area. However, a sufficient number of leases were not available to justify exploration in the area and they were unable to interest any of the three or four prospective purchasers they approached in the area.
On July 1, 1963, after the dissolution of, the so-called partnership, plaintiff obtained full-time employment in New Orleans as a geologist with Champlin Petroleum Company, where he continued to work until 1969, evidencing no interest in the Bayou Boul-lion prospect or any other deal with the defendant. In July of 1965, defendant Lo-menick acquired lease commitments in the Bayou Boullion area and was able to sell *511 the prospect to the Kewanee Oil Company. It is Lomenick’s testimony, as well as that of John D. Van Fossen, agent of the company, that Lomenick presented one unsigned map in making his presentation to the company. Van Fossen testified that the company did not rely upon Lomenick’s map, but instead had their own geologist make an independent study. He admitted however, that Lomenick’s map induced the company to make the initial study of the Bayou Boullion area.
It is this map that Voorhies claims is a product of his work done in 1962 in connection with the Bayou Boullion area. Lomenick contends that it is the work of a geologist, Dean Berry, who was working full time with an oil company and was reluctant to sign the map. Lomenick produced a check for $1,000.00 payable to cash with the notation “Geological consulting fees paid to Dean H. Berry on the Bayou Boullion acreage, St. Martin Parish, Louisiana”, dated May 6, 1965, about the same time the Bayou Boullion prospect was sold to the Kewanee Oil Company. The check had an attached receipt which said “received from Otis E. Lomenick $1,000.00' for consulting fee.” However Lomenick did not produce Dean H. Berry at the trial although he had seen him some eight to ten days prior to the trial.
Even in the absence of an express contract, the law presumes a promise to pay the reasonable value of services rendered where those services have benefitted the recipient. (La.Civ.Code art. 1965, Little v. Haik, 246 La. 121, 163 So.2d 558 [1964]). However, one who seeks to recover on a quantum meruit basis has the burden of proving that the services were rendered and the other party benefitted by them.
The plaintiff had no records of the work that he had supposedly done on the Bayou Boullion prospect, other than a photostatic copy of a geological map of the area, which Mr. Van Fossen, representative of the Kewanee Oil Company said was not the one used by Lomenick when he made his presentation to the company. None of the work sheets, logs, or notes covering the Bayou Boullion work which Mr. Voorhies supposedly devoted forty-five or forty-six days to in 1962 was presented. Mr. Voor-hies contends that all such work material on the project was lost in his move to New Orleans. But even assuming that Mr. Voorhies did do this work his actions reflect that he no longer considered it important enough to keep a record of and that he had already derived whatever benefit, if any, he expected from it.
Continuing to assume that Mr. Voorhies did do the work, he completely fails to show that Mr. Lomenick used or benefitted from his work when he consummated the deal with the Kewanee Oil Company in 1965. Yet it is essential that he do so if he is to recover on a quantum meruit basis. It was shown that the only geological information used by Mr. Lomenick in selling the prospect to the Kewanee Oil Company was one unsigned map. And Mr. Voorhies failed to show that even that one map was related to or a result of his work.
It is readily apparent that there are many dangers involved in the application of a doctrine such as quantum meruit which creates obligations where none are contracted for. Such a doctrine is and should be accompanied by the requirement of a strong burden of proof on the part of the person invoking the doctrine. In the instant case Mr. Voorhies has failed to meet that requirement.
For the foregoing reasons the judgment of the trial court is reversed and judgment is hereby rendered dismissing plaintiff’s suit at his cost.
Reversed and rendered.