PRICE, Judge.
Plaintiff, a subcontractor, has appealed from the judgment of the trial court rejecting his demands against the prime contractor on a State highway project for payment of quantities of concrete paving allegedly furnished in excess of that provided in the contract. Recovery is sought under an alleged verbal agreement supplementing the original contract whereby defendant agreed to pay for the excess quantities, and, alternatively, plaintiff seeks recovery under the equitable principle of quantum meruit.
The operative facts giving rise to this litigation are as follows: The Winford Company, Inc. was awarded the contract by the Louisiana Department of Highways to construct a segment of highway in Bossier Parish, Louisiana, known as the Foster Road Interchange, connecting U. S. Highway 80 and Interstate Highway 20.
There are three phases of the work necessary in the construction of the highway as called for by the- specifications. (1). Removal of structures within right-of-way, grubbing and excavation necessary for preparation of the sub-base. (2). Application of a six inch layer of soil cement to form the base. (3). Application of a nine inch course of portland cement for finished surface.
O. J. Ward, Inc., agreed to perform the first and third phases of the work herein-above described for Winford. The contract specifications in regard to the third phase provided for 10,292.4 square yards of concrete for a price of $6.28 per square yard. After Ward completed the work necessary for the sub-base and it was approved by the Department of Highway Engineers, Winford applied the soil cement base which was also accepted by the engineers. Ward proceeded to construct the necessary forms for the pouring of a nine inch concrete slab on the soil cement base. In conjunction with the erection of forms the highway engineers set stakes to delineate the specified elevation for the finished surface of the road. Upon the setting of the stakes it was discovered that for a distance of approximately 1,000 feet an application of a nine inch slab of concrete poured on the existing grade of the soil cement would not attain the required elevation. The evidence showed a below level variance of between one and two inches for this distance.
Sufficient concrete was poured by Ward to overcome this deficiency in the level of elevation and this action was brought by Ward to recover the cost of the excess concrete over and above that required for the nine inch thickness specified in the contract. Ward first contends that at the time it was discovered a problem existed in regard to attaining the required elevation on all portions of the road with only a nine inch course of concrete, that the construction superintendent for Winford, Dan McCormick, authorized Ward to cure the problem by pouring an excess thickness of concrete, for which Winford would be responsible. Alternatively, Ward seeks recovery of the alleged 278.36 cubic yards of *154 concrete poured in excess of that called for by the contract under the doctrine of quantum meruit. He contends it was the responsibility of Winford to construct the soil cement base to within such a tolerance that the nine inch course of concrete applied thereon would meet the specified elevation by the Department of Highways. Ward further contends his action in curing the deviation in this instance by pouring excess concrete to attain required elevation has enured to the benefit of Winford in that they were relieved of the cost of re-stabilizing the soil cement to the proper level.
The trial judge rejected plaintiff’s demands as he found the evidence insufficient to establish a verbal agreement, and also refused to grant plaintiff the relief sought under his alternative claim of quantum meruit. We shall pretermit any discussion of the court’s finding that a verbal agreement did not exist, because of our views on the alternative claim presented by plaintiff.
For Ward to recover under the doctrine of quantum meruit, he must show by a preponderance of the evidence that not only did he pour an amount of concrete over and above that called for by the contract, but also a benefit was received by Winford from this action. Quantum mer-uit or quasi-contract is based on LSA C.C. arts. 1816, 1965, 2293 and 2294, and for one to recover under this doctrine he must bear the burden of proving the services were rendered and the other party benefited by them. Voorhies v. Lomenick, 228 So.2d 509 (La.App. 3rd Cir. 1969); Wooley Bros. v. Tharpe-Drilling Company, 11 La.App. 207, 123 So. 518 (2d Cir. 1929).
We believe the evidence sufficient to prove Ward poured an excess amount to correct the elevation problem. The existence of low areas in the soil cement base at the time of preparation of pouring forms is not seriously contested by Win-ford. The testimony of the highway engineers discloses it is usual and customary to have an uneven surface on the soil cement base and that as long as the thickness is within a recognized tolerance, any slight deficiency in elevation is frequently corrected by the application of additional concrete. They further testified contractors must allow for this factor along with spillage and some loss of concrete in the mixing process in estimating the amount required to pave a given area of road surface. An overage allowance of up to a maximum of 8% is accepted as reasonable in the trade according to the testimony.
The quantity required in this instance of 278.36 cubic yards amounts to an overage of approximately 12%, and according to the testimony of the engineers would be beyond the usual or expected.
Winford was the prime contractor with the State and is responsible that the final elevation meets that required in the specifications. Wards’s undertaking was limited to doing the work called for and furnishing the quantities of materials specified in the sub-contract. There has been no evidence to the effect, nor has argument been advanced, that the low elevation of the soil cement base was caused by any work performed by Ward on the sub-base or grade. This work was accepted and approved by the State and Winford. It is obvious that the deviation below required elevation that manifested itself at the time of setting of stakes for the paving forms was a problem vitally affecting Winford. Defendant does not deny the soil cement was below elevation in certain areas and that the discovery of this factor resulted in an evaluation of the problem by its superintendent, McCormick, the State Engineers and Ward. Although the proof is not sufficient to hold that McCormick specifically authorized the correction by Ward pouring excess concrete, the evidence does show Ward saved Winford the cost of restabiliz-ing the soil cement to bring it within the recognized tolerance of proper elevation. The testimony shows the cost of reworking the soil cement would be greater than the *155 cost of pouring an excess thickness of cement where needed.
It would indeed be inequitable to allow Winford, who was aware of the deficiency-in elevation of the road base applied by them but took no action to correct same, to sit idly by and be relieved of the cost of correction by the efforts of Ward.
Winford argues the evidence presented by Ward does not show with any degree of certainty how much excess concrete was poured. The basis of this argument results from the inadvertent use of the term “square yards” in plaintiff’s original petition denoting a unit of volume measure rather than “cubic yards” as obviously intended. Plaintiff’s counsel explained this resulted from a typographical error and the trial judge accepted the explanation. With this clarification, we do not find the testimony of Ward in regard to quantities used to be insufficient to sustain his burden of proof. Defendant has offered no evidence to refute or to show his testimony as to quantities were unreasonable.
We do not see how it would be possible to establish such matters as quantities of materials used and cost of labor and material other than by his own testimony or records. We therefore find the evidence of plaintiff sufficient to establish the amount of his claim with reasonable certainty.
We are of the opinion Ward has shown defendant was benefitted by the excess concrete furnished by him and the recovery should be had for the reasonable cost of same.
Under the doctrine of quantum meruit, Ward is only entitled to his actual cost of material and labor used in pouring the excess concrete and not the price provided in the contract which presumably contains a profit amount. Ward testified the cost to him of preparing and pouring concrete was $12.40 per cubic yard. The excess, according to his testimony, was 278.36 yards. Thus, Ward claims the sum of $3,415.48. However, the evidence shows Ward previously made demand for only the sum of $1,609.86, which sum gave Win-ford credit for the 5% overage contained in Ward’s bid on the contract. The overage estimate should inure to the benefit of Winford and recovery by Ward should be limited to the sum of $1,609.86.
There are other claims urged by Ward in his original petition and counter claims brought by Winford in a reconventional demand that were rejected by the judgment appealed from and the parties do not complain of this portion of the judgment in this court.
For the foregoing reasons the judgment appealed from is reversed insofar as it rejected all of the demands of plaintiff, O. J. Ward, Inc., and
It is hereby ordered, adjudged and decreed that there be judgment in favor of plaintiff, O. J. Ward, Inc. and against defendant, Winford Company, Inc., in the sum of $1,609.86, together with legal interest thereon at the rate of 7% until paid, and all costs of these proceedings. In all other respects the judgment appealed from is affirmed.