476 So.2d 464 (1985)
HARTFORD INSURANCE COMPANY OF the SOUTHEAST
v.
Dorothy Miller STABLIER, Joseph M. Stablier, Betty Jean Miller Dixon, Lynn L. Dixon, Bonnie Miller Broussard, Joseph A. Broussard, Sr. and Helen Miller Maggio.
No. CA 84 0761.
Court of Appeal of Louisiana, First Circuit.
October 8, 1985.
Richard Zimmerman, Baton Rouge, for defendant-appellant Dorothy Miller Stablier.
*465 Benjamin C. King Jr., Shreveport, for plaintiff-appellee Hartford Ins. Co. of Southeast.
Glenn Cambre, Gonzales, for defendants Bonnie M. Broussard and Joseph A. Broussard Sr.
Warren J. Hebert, Baton Rouge, for defendant Helen M. Maggio.
Before LOTTINGER, COLE and CRAIN, JJ.
COLE, Judge.
This is an appeal from a concursus invoked to determine the proper distribution of fire insurance proceeds resulting from the stipulated total loss of a house. The house was owned in indivision by four sisters. The question presented is whether the sister who contracted for the fire insurance was acting only in her own interest and is therefore entitled to the entire proceeds; or whether the contracting sister was a negotiorum gestor who acted in the interest of all the owners, thereby requiring an equal division of the proceeds.
Trial was conducted on March 2, 1984. In written reasons the trial court stated:
"The policies all designate the insured as `Dorothy Miller Stablier, Executor' which designation this Court finds as evidence of Dorothy Miller Stablier acting on behalf of herself and her sisters and not in her individual capacity. The policies further each describe the entire building as being insured, not just the undivided interest of Dorothy Miller Stablier.
This Court finds that based on the above and the other testimony taken as a whole that Dorothy Miller Stablier was acting on behalf of herself and her three sisters when she purchased the initial insurance in 1980 and that once she undertook acting for her three sisters as well as for herself she could not and, as a matter of fact, did not depart from that relationship."
Accordingly, the trial court held Mrs. Helen Miller Maggio was entitled to recover $72.50 (one-half the 1980 premium which she paid); and Mrs. Dorothy Miller Stablier was entitled to recover $72.50 (one-half the 1980 premium which she paid), $157 (the total premium which she paid in 1981) and $167 (the total premium which she paid in 1982). The remaining funds, after deduction of the above and all court costs, were divided equally (one-fourth each) among the four sisters: Dorothy Miller Stablier; Helen Miller Maggio; Bonnie Miller Broussard; and Betty Jean Miller Dixon. From this judgment Dorothy Miller Stablier appeals.

FACTS
On March 2, 1973, an act of partition was executed by the four sisters. As pertains to this case, each sister was allocated one lot out of four adjoining lots, termed A, B, C and D. The house destroyed by fire was located on lot B. Lot B was allocated to Bonnie Miller Broussard, who upon her mother's death was required by the act of partition to appraise the house and pay one-fourth the appraisal value to each of the sisters. However, upon the mother's demise no appraisal or payment was made. The sisters stipulated at trial they were co-owners of the house at the time of the loss and they are now bound by this stipulation.
Bonnie Miller Broussard arranged through the assessor to have the property taxes due on the value of the house apportioned so as to allocate one-fourth to each of the four individually owned lots. She testified she did so because payment was the responsibility of each sister due to her undivided interest. Mrs. Stablier testified there was no insurance coverage on the house and she contacted her sisters prior to contracting for coverage to see if they would pay their proportionate share of the premium. According to Mrs. Stablier, both Mrs. Dixon and Mrs. Broussard refused, stating they were not interested. Mrs. Maggio cooperated by paying one-half of the 1980 premium. However, when it came time to renew the policy in 1981, Mrs. Maggio told Mrs. Stablier she was not going "... to bother with it anymore." Thereafter, *466 Mrs. Stablier paid all yearly premiums out of her own pocket. Both Mrs. Dixon and Mrs. Broussard testified Mrs. Stablier never inquired as to whether or not they wanted to pay a share of the premium. Mrs. Broussard states she has not been on speaking terms with Mrs. Stablier for most of the time since their mother died, a period of about seven years. She recalled being at the house shortly after their mother's death when the sisters were "sorting things out." She stated if Mrs. Stablier said anything at that time about insurance she didn't hear it, then added: "But I knew Mama didn't have no insurance."
In 1981, Mrs. Stablier renewed the insurance through her agent, Mr. Ralph Dupre. The previous insurer cancelled the policy because the house was unoccupied. On November 14, 1982, the insured property was destroyed totally by fire. Thereafter, on May 26, 1983, this concursus proceeding was invoked by the insurer.

LAW
It is a well established general principle of law a policy of fire insurance is a personal contract between the insurer and the insured. A person who is not either a party to the insurance contract or one for whose benefit it was written is not entitled to a share of the insurance proceeds by the mere fact they have an insurable interest in the property. Franks v. Harper, 141 So.2d 690 (La.App. 3d Cir. 1962). A manner of establishing an insurance contract was entered into for the benefit of one other than the named insured is to show the named insured was acting as a negotiorum gestor. See La.Civ.Code art. 2295. The burden of proof in this instance is upon those who are not the named insured. Franks, supra. See also, Voorhies v. Lomenick, 228 So.2d 509 (La.App. 3d Cir.1969). They must establish the named insured intended to cover an interest other than her own insurable interest. (Underscoring ours.) The mere fact a co-owner insures the entire property does not preponderate to establish he is acting for another co-owner. Franks, supra. Cf. Webre v. Graugnard, 173 La. 653, 138 So. 433 (1931).
The evidence relied upon by the trial court to establish a negotiorum gestio relationship emanates from the original and subsequent policies of insurance, i.e., the description of the entire building as being insured and the designation of "Dorothy Miller Stablier, Executor" as named insured. However, it is manifest from the face of the cold record Mrs. Stablier did not intend to act for the interests of her sisters. The indicias relied upon by the trial court are insufficient to establish Mrs. Stablier acted as a negotiorum gestor.
An owner in indivision possesses an insurable interest in the entirety of the property, and not merely an insurable interest proportionate to his percentage of ownership. La.Civ.Code art. 480. See also La.Civ.Code art. 1815; Young v. State Farm Fire & Cas. Ins. Co., 426 So.2d 636 (La.App. 1st Cir.1982), writs denied, 433 So.2d 148, 171 (La.1983); Stokes v. Republic Underwriters Ins. Co., 387 So.2d 1261 (La.App. 1st Cir.1980); Brewster v. Michigan Millers Mutual Insurance Co., 274 So.2d 213 (La.App. 2d Cir.1973). Thus, Mrs. Stablier insured her undivided interest in the entire building. Those seeking to establish the contrary are required to introduce evidence independent of this fact. It was an error of law for the trial court to conclude because Mrs. Stablier insured the entire building and not just her undivided interest, such fact weighs in favor of Mrs. Stablier acting in the interests of her sisters. Such evidentiary weight perpetuated a lessening of the burden of proof required of the three sisters in this instance.
An evaluation of the evidence independent of the above fact dictates this court find Mrs. Stablier was not acting as a negotiorum gestor in this instance. Mr. Dupre testified Mrs. Stablier requested he was to insure "her interest" in the house. He designated Mrs. Stablier as "Executor" on the policy simply because he copied the cancelled 1980 policy of another insurer which had included such a designation. *467 Mrs. Stablier was not the executor of her mother's estate. She maintains she has no knowledge of why the designation appeared beside her name on the original policy and contends no insurance agent was ever informed she was the executor of the succession. Further, Mr. Dupre stated it was common practice in the insurance industry for the agent to add a designation to the insured's name when it is known the property involved derives from a succession. He expounded: "Estate. Administrator. Executor. Something of that type."
In addition there are several relevant factors previously mentioned which indicate Mrs. Stablier was not acting for her sisters. Both Mrs. Dixon and Mrs. Broussard testified they were not on speaking terms with Mrs. Stablier when the initial policy was entered into during 1980 and had not been for several years prior. Mrs. Stablier stated they turned down her request for their share of the premium due. They stated no one ever asked them for a share of the premium. Further, although Mrs. Maggio paid one-half the 1980 premium when Ms. Stablier requested her to pay one-half the 1981 premium Mrs. Maggio replied she no longer wanted "to bother with it anymore." Thereafter, Mrs. Stablier paid all premiums herself. She did so with the knowledge each sister was responsible for their own insurable interest as they were for their proportionate share of the property taxes.
The above factors lead this court to conclude Mrs. Stablier had no intention whatever to act in behalf of those who would not speak with her or would not share the cost of premiums which they themselves indicated by their prior practices should be required. Each of those sisters knew there was no insurance coverage on the house and, as individual owners, were "in a condition to attend to it" thus negating any obligation that might have arisen from La. Civ.Code art. 2295, even if we were to assume its initial applicability.
The evidence introduced at trial is insufficient to support the findings of the trial court. The three sisters have not carried their burden of proof. The trial court's well intentioned conception of equity must yield to this failure.

DECREE
For the foregoing reasons the judgment of the trial court is reversed. Mrs. Dorothy Miller Stablier is awarded the $15,000 in funds deposited with the court. The costs of all proceedings are to be borne equally by Mrs. Bonnie Miller Broussard, Mrs. Helen Miller Maggio and Mrs. Betty Jean Miller Dixon.
REVERSED AND RENDERED.