## DANIELS v. GRAND LODGE COLORED KNIGHTS OF PYTHIAS OF TEXAS.

### No. 9843.

Court of Civil Appeals of Texas. Galveston. April 17, 1933.

Rehearing Denied June 22, 1933.

R. D. Evans, of Waco, for plaintiff in error.

A. S. Wells, of Dallas, for defendant in error.

PLEASANTS, Chief Justice.

We are not required to file a written opinion in this case, but deem it best to briefly state the nature of the suit and the conclusions upon which our judgment of affirmance is based.

The suit was brought by plaintiff in error to recover upon a benefit certificate issued by defendant in error, a fraternal benefit association, to Nathan Glenn and payable to his wife, Nancy Glenn, who died prior to the death of Nathan. After the death of Nancy, upon the sworn application of Nathan, the certificate was changed by designating George Warner as beneficiary. The application for this change states that Warner was Nathan's nephew. After the death of Nathan, upon proper proof of loss, the defendant in error paid the amount named in the certificate ($500) to George Warner. Plaintiff's suit is based upon the allegations that George was not a nephew of Nathan Glenn, and not related to him, and had under the law no insurable interest in the life of the insured, and that plaintiff, who was the first cousin and the nearest surviving relative of Nathan, was entitled to the benefits of the certificate.

The evidence shows that Warner is not related to Nathan Glenn except by marriage to a niece of Nathan, and that plaintiff, as the nearest surviving blood relative, was entitled to the benefits of the certificate. The undisputed facts further show, however, that Warner was made beneficiary of the certificate upon the sworn application of Nathan Glenn, which, as before shown, states that Warner was the nephew of Nathan; and that, after Nathan's death, George Warner made proofs of loss in conformity with the rules and by-laws of the defendant association, and the amount named in the certificate was paid by a voucher-check in favor of Warner for the sum of $500, which voucher was cashed by Warner through the Royall National Bank at Palestine, Tex. At the time this payment was made, the defendant association had no knowledge or notice that Warner was not the nephew of Nathan Glenn and entitled to receive the benefits of the certificate.

Upon this state of the record, we think the trial court correctly held that defendant, having acted in good faith upon the sworn statement of the insured and paid the amount of the insurance to the beneficiary named by the insured and shown by the application to be legally entitled to receive the benefits of the certificate, cannot now be required to pay that amount to the plaintiff. If the defendant had been given any notice of Warner's want of any insurable interest in the life of the insured, the situation would of course be different, and the defendant would be liable to the plaintiff as the person legally entitled to the benefits of the certificate, but, in the absence of such notice, it cannot be held liable for the mistake or fraud of the insured in designating Warner as his nephew and having the policy made payable to him.

Plaintiff's cause of action is against Warner and those who assisted him in wrongfully obtaining the benefits of the certificate.

The judgment of the trial court is affirmed.

Affirmed.