**Jeanne S. WEED and Sally Anne DeLuccia, Appellants,**

v.

**EQUITABLE LIFE ASSURANCE SOCIETY OF the UNITED STATES, Appellee.**

No. 18441.

United States Court of Appeals
Fifth Circuit.
March 27, 1961.

Walter Warren, Leesburg, Fla., for appellants.

J. Thomas Gurney, Gurney, McDonald & Handley, Orlando, Fla., for appellee.

Before RIVES, BROWN and WISDOM, Circuit Judges.

WISDOM, Circuit Judge.

In 1947 and 1948 George Stevens purchased insurance policies from the Equitable Life Assurance Society, totaling $55,000. He designated the beneficiary as his "wife, Louella H. Stevens". In 1951 the insured was adjudged insane. In 1952 he was adjudged sane. Stevens then executed a change of beneficiaries, designating as the primary beneficiary, his wife, Louella Stevens, and as contingent beneficiaries the two minor daughters of his marriage to Louella Stevens. In 1953 Stevens was again adjudged insane. In 1954 Louella Stevens divorced the insured in Nevada on the ground of insanity. In 1955 the insured died. In due course the Equitable, having no notice of any dispute over the proceeds, paid the divorced wife the amounts required under Stevens's insurance policies. In 1957, the Florida courts set aside Stevens's will (executed in 1952) on the ground that the insured did not possess testamentary capacity to make a will.

Four years after the Equitable had paid the insurance proceeds to Mrs. Stevens, the beneficiary, in accordance with the terms of its contract, two adult natural children of the insured sued the Equitable for the amount of the insurance. The theory of the complaint is that (1) the divorced wife was not entitled to the proceeds under the 1952 designation of beneficiary, because the insured was not mentally competent and (2) she has no right under the original designation, because she "treated [the insured] so abominably, stole his property, and kicked him out and divorced him, and the Court cannot assume the insured wanted her to have the proceeds of his insurance after divorce, because of such treatment and his mental inability to form such an intention." So, plaintiffs say, the proceeds should descend according to the Florida Statutes.

Courts are sometimes asked to serve as augurs, not judges. The complaint filed in this case asks the court to do some powerful divining. Here, the appellants want this Court to hold that the insured was not capable of forming an intention to change the beneficiary at the time of his divorce—but if he had been capable of forming such an intention, he would have changed the beneficiary and designated the plaintiffs as beneficiaries. Our license for divination does not allow us to go that far. Neither the divorce nor the insanity operate *in themselves* to change the terms of a contract. The defendant insurance company in good faith paid the proceeds in accordance with its obligations under its contract with the insured. It does not have to pay again on some theory that the contracts were changed retroactively—because they might have been changed, if the insured had been competent at the time of the divorce.

Payment in good faith to the beneficiary of record by the insurance company without knowledge of facts vitiating the claim will prevent a second recovery by another claimant. Daniels v. Grand Lodge, Tex.Civ.App.1933, 62 S.W. 2d 548; Avondale v. Sovereign Camp W. O. W., 1938, 134 Neb. 717, 279 N.W. 355; Metropolitan Life Insurance Company v.

Louisville Trust Company, Ky.App.1905, 89 S.W. 268; Renick v. Mutual Life Insurance Company of New York, Ky.App. 1907, 106 S.W. 310. The plaintiffs' remedy, if any, is against the person who wrongfully collects the proceeds and not against the insurance company.

The judgment is affirmed.