Ivy ROGERS, Appellant,

v.

UNIONMUTUAL STOCK LIFE INSURANCE COMPANY OF AMERICA, Appellee,

v.

John Wilson VARGO, Executor of the Estate of Barbara Ann Vargo Rogers, Deceased, Appellee.

No. 85–1211.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 4, 1985.

Decided Feb. 13, 1986.

---

L. Alvin Hunt (Stanley E. Preiser, Preiser & Wilson on brief), for appellants.

Leonard S. Coleman (Joseph R. Goodwin; Goodwin & Goodwin on brief), for appellee.

Before RUSSELL and CHAPMAN, Circuit Judges, and MOTZ, United States District Judge for the District of Maryland, sitting by designation.

MOTZ, District Judge:

Dr. Charles Ivy Rogers, and his wife, Barbara Ann, were killed in an automobile accident on May 4, 1980. The estate of Barbara Ann received the proceeds of a life and accident insurance policy held by Charles. Mr. Ivy Rogers, Charles's father, filed this action against the insurer, Unionmutual Stock Life Insurance Company of America (Unionmutual) for recovery on the policy as contingent beneficiary. Ivy appeals the district court's order granting summary judgment in favor of Unionmutual. The issue raised on this appeal is whether, as a matter of law, the payment of insurance proceeds to the named beneficiary pursuant to *W. Va. Code* Section 33–6–22 (1982) in good faith reliance on the time of death as provided by the death certificates precludes recovery by the named contingent beneficiary who failed to give the insurer notice of his claim. Because we find Section 33–6–22 to be dispositive of this case, and because Unionmutual satisfied the terms of the statute, we affirm the district court's order granting summary judgment in favor of Unionmutual.

## I.

Charles and Barbara Ann were fatally injured in the automobile accident. Immediately following the accident, they were rushed to separate hospitals, and both arrived at approximately 7:00 p.m. The medical teams at each hospital attempted unsuccessfully to save their lives. Barbara Ann had a cardiac arrest approximately five minutes before arriving at the hospital, and her death certificate reflects the time of death as when resuscitation efforts were discontinued, at 8:46 p.m. Charles had a cardiac arrest shortly after arrival at the hospital and efforts to save him ceased at 8:12 p.m., when his death certificate states he died. Ivy submitted medical testimony by way of affidavit during summary judgment proceedings below which indicated that Barbara Ann predeceased Charles because the couple were actually dead upon arrival at the hospital, and medical efforts to resuscitate the two were futile.

Charles was afforded life and accident insurance under his employer's group insurance plan with Unionmutual. He had filled out an enrollment card for coverage under the plan which designated Barbara Ann as his primary beneficiary and which further provided that if she was "not living then pay [Ivy Rogers]." This action was instituted by Ivy to recover on this insurance policy after Unionmutual had paid the proceeds to the estate of Barbara Ann.

## II.

Unionmutual initially moved for summary judgment on the ground that it had paid the proper person in accordance with the terms of the beneficiary designations made by Charles. The district court denied this motion, ruling that there was a genuine dispute as to whether Charles died before his wife. Unionmutual then filed a second motion for summary judgment on the basis of *W. Va. Code* Section 33–6–22 (1982). The court granted this motion.

Section 33–6–22, Payment Discharges Insurer, provides:

Whenever the proceeds of or payments under a life or accident and sickness policy or annuity contract heretofore or hereafter issued become payable in accordance with the terms of the policy or contract, or the exercise of any right or

privilege thereunder, and the insurer makes payment thereof in accordance with the terms of the policy or contract or in accordance with any written assignment thereof, the person then designated in the policy or contract or by such assignment as being entitled thereto shall be entitled to receive such proceeds or payments and to give full release therefor, and such payments shall fully discharge the insurer from all claims under the policy or contract unless, before payment is made, the insurer has received at its home office written notice by or on behalf of some other person that such other person claims to be entitled to such payment or some interest in the policy or contract.

The obvious purpose of this statute is to protect insurance companies from being required to make multiple payments on the same policy. It requires a claimant to notify the insurer so that, if presented with conflicting claims, the insurer can institute an interpleader action, pay the insurance proceeds into court and have the dispute judicially resolved.

 This provision comports with the general rule that when an insurer pays the proceeds of an insurance policy to the person, who by the policy is the proper recipient, such payment is a discharge of the liability of the insurer. In construing a similar statute, the Washington Supreme Court held that the insurer is entitled to rely on the statute and its liability will be discharged by paying the named beneficiary unless it has notice of an adverse claim. *Miller v. Paul Revere Life Ins. Co.,* 81 Wash.2d 302, 501 P.2d 1063, 1067 (1972) (en banc). The effect of Section 33–6–22 is not to leave a claimant who fails to file a notice with the insurer prior to payment without a remedy. Rather, the claimant is limited to a suit for unjust enrichment against the person who received the payment. *Miller,* 81 Wash.2d at 312, 501 P.2d at 1069; *see also Weed v. Equitable Life Assurance Society of the United States,* 288 F.2d 463, 465 (5th Cir.), *cert. denied,* 368 U.S. 821, 82 S.Ct. 40, 7 L.Ed.2d 27 (1961).

 Ivy, as contingent beneficiary, was notified that Unionmutual planned to pay the proceeds to Barbara Ann's estate. However, he never filed notice of a claim with Unionmutual. The first notice which he gave that he was making a claim under his son's policy was the filing of this suit, over one year after Unionmutual had paid the proceeds to Barbara Ann's estate. Nevertheless, he attempts to avoid the effect of Section 33–6–22 by pointing to the language in the statute making it applicable to an "insurer [which] makes payment ... [of insurance proceeds] in accordance with the terms of the policy or contract." Ivy argues that since (according to his evidence) Unionmutual paid the wrong person under the contract,[1] it is not entitled to the statutory protection. This construction of that language would render Section 33–6–22 a nullity. It would provide protection only to an insurer that already had a complete contractual defense. *See Weed,* 288 F.2d 463; *Avondale v. Soverign Camp*

---

1. Ivy argues that since it is undisputed that Barbara Ann was not living at the time that the insurance proceeds *were paid,* it is immaterial whether Charles or Barbara Ann died first and that he is entitled to judgment as a matter of law. This argument is without merit. It is a well settled principle of insurance law that the ownership of proceeds under a policy is determined at the time of the death of the insured. *See, e.g., Federal Old Line Ins. Co. v. McClintick,* 18 Wash.App. 510, 569 P.2d 1206, 1209 (1977); *Salvato v. Volunteer State Life Ins. Co.,* 424 S.W.2d 1, 5 (Tex.Civ.App.1968); *see generally* P. Kelly, 2 *Appleman's Insurance Law & Practice*

Section 771 (Supp.1984). Furthermore, generally, absent a provision in the policy to the contrary, if a primary beneficiary dies after the insured, but before the proceeds are paid, the estate of the primary beneficiary, not the contingent beneficiary, is entitled to the proceeds. *See Dinwiddie v. Metropolitan Life Ins. Co.,* 204 Ark. 677, 163 S.W.2d 525, 527 (1942); *Bair v. Willis,* 218 Ga. 563, 129 S.E.2d 774, 776 (1963); *cf. Rossetti v. Hill,* 161 F.2d 549, 550 (9th Cir. 1947); *People's National Bank v. Northwestern Mutual Life Ins. Co.,* 237 S.W.2d 870, 872–73 (Ky.1951); *see generally* 172 A.L.R. 642 (1948).

*W.O.W.*, 134 Neb. 717, 279 N.W. 355, 359 (1938).[2]

In short, the district court correctly construed Section 33–6–22 as barring Ivy's claim. Any other construction would defeat the statute's purpose. As no material fact was in dispute, summary judgment was properly entered.

AFFIRMED.

2. In *Union Labor Life Ins. Co. v. Parmely*, 270 Md. 146, 311 A.2d 24 (1973) the Court of Appeals of Maryland ruled that an insurer was not entitled to protection under a comparable Maryland statute when it had paid the insurance proceeds to a woman who purportedly was the wife of the insured at the time he was legally married to another. The group life policy provided that payment was to be made to the "insured's widow" and the court held that the woman to whom the payment was made did not qualify as such. However, the court indicated that its conclusion would be different when, as here, the person to whom the payment was made was specifically designated by name as the beneficiary.