389 S.E.2d 743

**Darlene MAZON**

v.

**CAMDEN FIRE INSURANCE ASSOCIATION.**

No. 18957.

Supreme Court of Appeals of West Virginia.

Feb. 9, 1990.

Gary W. Hart, Jackson & Kelly, Charleston, for Camden Fire Ins. Ass'n.

David L. Hill, Hill & McCoy, Hurricane, for Darlene Mazon.

WORKMAN, Justice:

Camden Fire Insurance Association (Camden) appeals from an order of the

Circuit Court of Lincoln County which granted summary judgment to Darlene Mazon in connection with petitioner's payment of insurance policy proceeds for a fire loss. Camden contends that W.Va.Code § 33–17–12 (1988) discharges it from any claims under the policy based upon its payment of the insurance proceeds to the only designated insured on the policy—respondent's ex-husband, Elbert Watts. We agree with the petitioner and reverse the order of the circuit court.

■ The facts of this case are not in dispute. Respondent and Mr. Watts were married in January 1972. Respondent's grandparents deeded a one-half acre tract of land as a gift to her and Mr. Watts on April 15, 1975. When respondent and Mr. Watts were divorced in December 1979, Mr. Watts remained in the marital home which had been constructed on the subject property with the two children born of the marriage. The final order of divorce did not make any distribution of property.

In September 1981, Mr. Watts applied for and obtained an insurance policy from Camden on the property and former marital home. Mr. Watts was the sole insured on the policy and he paid all the policy premiums. In January 1984, a fire destroyed the dwelling on the property at issue. Mr. Watts filed a claim in the amount of $55,110.00 covering both the dwelling and the personal effects within the house. Camden issued proceeds to Mr. Watts for the full amount of the claim.

After Camden had already paid the insurance proceeds to Mr. Watts, respondent initiated a civil action against Camden and Mr. Watts claiming that she was entitled to a portion of the proceeds based upon her one-half ownership interest in the former marital property. Following completion of discovery, Camden renewed its previously denied motion for summary judgment. Camden predicated its motion on W.Va. Code § 33–17–12 which provides as follows:

> Whenever the proceeds of or payment under a policy of fire insurance covering property located in West Virginia heretofore or hereafter issued becomes payable, and the insurer makes payment thereof to the person or persons designated in the policy or contract or if the proceeds have been assigned and written notice of such assignment given to the insurer, to the person or persons being entitled thereto by virtue of such assignment, such payment shall fully discharge the insurer from all claims under the policy or contract. This section is declared to be applicable to all insurers, including farmers' mutual fire insurance companies.

In reliance upon this statutory provision, Camden argued that it was fully discharged of all claims under the insurance policy because it had paid Mr. Watts the full amount of his claim. Camden further contended that respondent was not entitled to any of the insurance proceeds because she was not a party to the insurance contract nor was the contract written for her benefit. The circuit court denied Camden's motion for summary judgment and upon its own motion granted summary judgment to respondent against Camden in the sum of $27,555.50, that amount being one-half of the amount paid by Camden to Mr. Watts.

We find petitioner's arguments convincing. The language of W.Va.Code § 33–17–12 is unambiguous and therefore not subject to interpretation. Accordingly, our duty is "not to construe but to apply the statute." Syl. Pt. 1, in part, *VanKirk v. Young,* 180 W.Va. 18, 375 S.E.2d 196 (1988). Like W.Va.Code § 33–6–22 (1988), a parallel statute pertaining to life or accident and sickness policies, the obvious legislative objective in drafting W.Va.Code § 33–17–12 was to "protect insurance companies from being required to make multiple payments on the same policy." *Rogers v. Unionmutual Stock Life Ins. Co.,* 782 F.2d 1214, 1216 (4th Cir.1986). The statute at issue unequivocally discharges an insurer who has paid fire insurance proceeds to the named insured from "all claims under the policy or contract." W.Va.Code § 33–17–12.

■ An insurance policy and all rights arising from the policy are controlled by principles of contract, rather than property law. *See* 10A Michie's Jurisprudence *In-*

534

surance § 17 (1977). Accordingly, an insurer, such as Camden, is under no obligation to investigate property records to identify each individual with an ownership interest in connection with the issuance of a fire insurance policy. Provided that the individual applying for insurance has an insurable interest, the insurer is within its rights to issue the policy. *See id.* at § 18.

■ It is well-established that a contract of insurance is a personal contract between the insurer and the insured named in the policy. *See McDivitt v. Pymatuning Mut. Fire Ins. Co.,* 303 Pa.Super. 130, 449 A.2d 612, 614–615 (1982) (quoting *Forsyth County v. Plemmons,* 2 N.C.App. 373, 375, 163 S.E.2d 97, 99 (1968)); *see also* 43 Am.Jur.2d *Insurance* § 194 (1982 & Supp. 1989). It is also axiomatic that an insurance policy is a contract of indemnity which pertains to the parties to the contract as opposed to the property being insured. *See Plemmons,* 163 S.E.2d at 99. Accordingly, an individual who is not a party to the insurance contract cannot maintain a suit on the policy. *Great American Ins. Co. v. Johnson,* 25 F.2d 847, 848 (4th Cir.1928), *cert. denied,* 278 U.S. 629, 49 S.Ct. 29, 73 L.Ed. 548 (1928).

■ Contrary to respondent's premise, co-ownership of property does not in itself entitle an individual to insurance proceeds. *McDivitt,* 449 A.2d at 615. This principle was explained in *Hartford Ins. Co. v. Stablier,* 476 So.2d 464 (La.App.1985):

It is a well established general principle of law [that] a policy of fire insurance is a personal contract between the insurer and the insured. A person who is not either a party to the insurance contract or one for whose benefit it was written is not entitled to a share of the insurance proceeds by the mere fact they have an insurable interest in property.... [Those who are not the named insured] must establish [that] the named insured *intended* to cover an interest other than her own insurable interest.... The mere fact a co-owner insures the entire property does not preponderate to establish he is acting for another co-owner.

*Id.* at 466 (citations omitted, emphasis in original).

West Virginia Code § 33–17–12 requires that an insurer shall pay only the "person or persons designated in the policy or contract" unless the insurer has been provided with a written notice of assignment. Upon payment of insurance proceeds to the named insured, W.Va.Code § 33–17–12 fully discharges the insurer from liability for all claims under the policy. *Arcuri v. Great American Ins. Co.,* 176 W.Va. 211, 342 S.E.2d 177, 184 (1986). In *Arcuri,* the insurer wrongfully added the name of an additional insured to a fire insurance policy and then tendered the insurance proceeds to the clerk of the court in an effort to remove itself from a proceeds dispute. *Id.* Finding that the insurer failed to comply with W.Va.Code § 33–17–12, this Court emphasized that the insurer is obligated to issue the insurance proceeds to the "person properly 'designated' in the policy." *Arcuri,* 176 W.Va. at 217, 342 S.E.2d at 183–84. Once this obligation has been fulfilled, the insurer is discharged from all claims under the policy. *See id.*

■ Our ruling in this case does not leave the respondent without a remedy. As the fourth circuit noted in *Rogers,* an individual who claims entitlement to insurance proceeds that have already been tendered by the insurer to the designated policy holder may institute a claim against the proceeds recipient on the grounds of unjust enrichment. 782 F.2d at 1216. Because the respondent included Mr. Watts as a defendant in her cause of action against Camden, Ms. Mazon may petition the circuit court to request that she be permitted to amend her complaint to include the theory of unjust enrichment against Mr. Watts.

Based upon the foregoing, the decision of the Circuit Court of Lincoln County is reversed.

Reversed.