897 F.2d 149
 58 USLW 2534, 12 Employee Benefits Ca 1107
 U.S. STEEL MINING CO., INC., a corporation; United States
Steel and Carnegie Pension Fund, as Administrator of the
Employee Welfare Benefit Plan Maintained by U.S. Steel
Mining, Inc., Plaintiffs-Appellants,
v.
DISTRICT 17, UNITED MINE WORKERS OF AMERICA; O.J. Tolbert;
Gene E. Dunn; Emil Charles; David R. Basham; Darrell
Coleman; Theo Tucker; Gary Thomas; Richard Carrow;
Eugene R. Goad; Paul Bias; Eddie Parker; Kenneth Ellison,
on behalf of themselves and others similarly situated; A.
Andrew MacQueen, in his official capacity as Judge of the
Thirteenth Judicial Circuit, Kanawha County, West Virginia,
Defendants-Appellees.
 No. 89-2921.
 United States Court of Appeals,
Fourth Circuit.
 Argued Nov. 2, 1989.
Decided March 2, 1990.
 
 James Theodore Carney, II, Pittsburgh, Pa., for plaintiffs-appellants.
 Webster J. Arceneaux, III, Charleston, W.Va., for defendants-appellees; James M. Haviland, McIntyre, Haviland & Jordan, Charles F. Donnelly, Charleston, W.Va., on brief.
 Before ERVIN, Chief Judge, BUTZNER, Senior Circuit Judge, and WARD, Senior United States District Judge for the Middle District of North Carolina, sitting by designation.
 BUTZNER, Senior Circuit Judge:
 
 
 1
 United States Steel Mining Co. (the company) and the United States Steel and Carnegie Pension Fund (the fund) appeal from the district court's denial of their motion to recover restitution for monies paid pursuant to a state court injunction and attorney's fees. The district court found that the company had no standing and the court had no jurisdiction to grant the requested relief. We affirm on a different ground. We find that section 502(a)(3) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Sec. 1132(a)(3), provides no remedy in federal court for an employer and fund administrator seeking extracontractual restitution and attorney's fees from an injunction issued by a state court in obedience to a state statute that was later held to be preempted by ERISA.
 
 
 2
 * In February 1983, the United Mine Workers (the union) and individual union members filed an action in the Circuit Court of Kanawha County, West Virginia, against United States Steel Mining Co., U.S. Steel Corp., and ARMCO, Inc. The union sought a declaratory judgment that a West Virginia statute, W.Va.Code Sec. 23-5A-2, was valid and enforceable. This statute, which amended the West Virginia Workers' Compensation Act, prohibited employers from decreasing or cancelling medical coverage for any employee or his dependents while the employee was claiming or receiving benefits under the Act for a temporary disability.
 
 
 3
 The state court granted a preliminary injunction on March 1, 1983, requiring the defendant corporations to comply with the state statute. The court set the injunction bond at $5,000.
 
 
 4
 In June of 1983, the company moved to dismiss the action on the ground that the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Secs. 1001-1461, preempts the state statute. On April 1, 1986, the state court issued an opinion denying the company's motion to dismiss, but no final order was entered.
 
 
 5
 In June 1986, a federal district court held in Fixx v. United Mine Workers of America, 645 F.Supp. 352 (S.D.W.Va.1986), that W.Va.Code Sec. 23-5A-2 is preempted by section 514(a) of ERISA, 29 U.S.C. Sec. 1144(a).
 
 
 6
 In December 1986, the company and the fund filed suit in federal court against the union, individual union members on behalf of themselves and others similarly situated, and the state trial judge. They sought a declaration that Fixx is determinative of the preemption issue raised in the state court, an injunction, and appropriate equitable relief.
 
 
 7
 The district court issued a preliminary injunction on January 15, 1987. On May 19, 1987, the court entered a permanent injunction granting the company and the fund the declarative and injunctive relief they sought.
 
 
 8
 A year later, the company and the fund filed a motion in district court as part of the same action to recover damages and attorney's fees because of the state court injunction. The court denied the motion on the grounds that the company lacked standing as an employer to bring a complaint under 29 U.S.C. Sec. 1132 and ERISA "does not confer jurisdiction on this court to act under the facts and circumstances here involved." The court stated, "It would appear that the proper forum for the relief sought by plaintiff is in the Circuit Court of Kanawha County, which Court was the source of the injunction that gives rise to the present claims."
 
 II
 
 9
 The company and the fund first argue that they have standing to bring the action under 29 U.S.C. Sec. 1132(a)(3) and 28 U.S.C. Sec. 1331. The motion is part of the same action initiated by the original complaint of the company and the fund in the district court. In ordering the preliminary and later permanent injunction, the district court implicitly determined that the company and the fund had standing.
 
 
 10
 Section 502(a)(3) of ERISA, 29 U.S.C. Sec. 1132(a)(3), provides:
 
 
 11
 (a) Persons empowered to bring a civil action
 
 
 12
 A civil action may be brought--
 
 
 13
 * * * * * *
 
 
 14
 (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.
 
 
 15
 Under the definition section of ERISA, "a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, ... or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. Sec. 1002(21)(A).
 
 
 16
 As the plan administrator, the fund is clearly a fiduciary. 29 C.F.R. Sec. 2509.75-8. The evidence also supports the district court's original implicit determination that the company is a fiduciary. The company arranged for the fund to continue insurance coverage to comply with the state injunction. This is sufficient discretionary authority respecting the administration of the plan to support the conclusion that the company qualifies as a fiduciary for purposes of section 502(a)(3). See United States Steel Corp. v. Pennsylvania Human Relations Comm'n, 669 F.2d 124, 126-28 (3d Cir.1982). It would undermine section 502(a)(3) to grant standing for purposes of an injunctive order but not for purposes of a subsequent motion seeking other equitable relief. We find that the company and the fund had standing to bring this motion.
 
 III
 
 17
 The company and the fund also contend that the district court had subject matter jurisdiction. In its order granting the preliminary injunction, the district court explicitly found that it had jurisdiction.
 
 Title 29 U.S.C. Sec. 1132(e)(1) provides:
 
 18
 (e) Jurisdiction
 
 
 19
 (1) Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, or fiduciary. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this section.
 
 
 20
 Following the analysis of Part II above, the evidence supports a finding that the fund was a fiduciary and the company assumed the role of a fiduciary. The action was brought under subsection (a)(3) of subchapter I of ERISA, 29 U.S.C. Sec. 1132(a)(3); consequently, the court had jurisdiction under 29 U.S.C. Sec. 1132(e)(1). See Pennsylvania Human Relations Comm'n, 669 F.2d at 126-28; see also Great Lakes Steel v. Deggendorf, 716 F.2d 1101, 1104-05 (6th Cir.1983). Because Sec. 1132(e)(1) confers jurisdiction in "civil actions," it would be inconsistent with the statutory language if the court had jurisdiction to hear the original complaint, but not to hear a motion in the same action. We find that the court had jurisdiction to hear this motion.
 
 IV
 
 21
 We now consider whether ERISA provides a remedy for recovering monies paid by a benefit plan pursuant to a state injunction issued in obedience of a state statute that was subsequently declared to be preempted by ERISA.
 
 
 22
 The motion seeks damages. Section 502(a)(3)(B), however, provides only equitable relief. The limitation is not inadvertent. In Massachusetts Mutual Life Ins. Co. v. Russell, 473 U.S. 134, 146, 105 S.Ct. 3085, 3092, 87 L.Ed.2d 96 (1985), the Court points out that a proposal to include "legal" relief was deleted in the bill passed by the House and adopted by the Conference Committee. The company and the fund explain that in reality they want equitable relief in the form of restitution for recovery of the cost of benefits that unjustly enriched their employees. We accept this explanation as an apt description of the relief the motion seeks. Cf. Arkadelphia Milling Co. v. St. Louis S.W. Ry. Co., 249 U.S. 134, 145-46, 39 S.Ct. 237, 241-42, 63 L.Ed. 517 (1919); Middlewest Motor Freight Bureau v. United States, 433 F.2d 212, 225-29 (8th Cir.1970).
 
 
 23
 Section 502(a)(3) of ERISA authorizes a civil action to obtain "appropriate equitable relief." The issue is whether the award of restitution and attorney's fees constitutes "appropriate equitable relief" under this section.
 
 
 24
 According to the legislative history, the drafters of ERISA authorized courts to develop federal common law to grant "appropriate equitable relief" under section 502(a)(3). See 120 Cong.Rec. 29942 (1974) (statement of Senator Javits) ("It is also intended that a body of federal substantive law will be developed by the courts to deal with issues involving rights and obligations under private welfare and pension plans."); see also Massachusetts Mutual Life Ins. Co. v. Russell, 473 U.S. 134, 156, 105 S.Ct. 3085, 3097, 87 L.Ed.2d 96 (1985) (Brennan, J., concurring).
 
 
 25
 Russell is helpful in determining standards for deciding if a particular remedy is authorized by ERISA. There, the Supreme Court held that section 409(a) of ERISA, 29 U.S.C. Sec. 1109(a), did not provide a beneficiary a cause of action for extracontractual damages resulting from improper or untimely processing of benefit claims. 473 U.S. at 148, 105 S.Ct. at 3093. Section 409(a) establishes liability for breach of fiduciary duty and refers to "such other equitable or remedial relief as the court may deem appropriate." The Court reversed the court of appeals that had interpreted this catch-all language of section 409(a) to empower a federal court to grant extracontractual damages for a breach of fiduciary duty.
 
 
 26
 The Court explicitly did not interpret section 502(a)(3), which is at issue here. 473 U.S. at 139 n. 5, 105 S.Ct. at 3088 n. 5. Russell is helpful nevertheless because it underscores the necessity to read the remedial language of ERISA in the broader context of the statute and not in isolation. 473 U.S. at 139-44, 105 S.Ct. at 3088-91. Though courts have the power to create federal common law under the broad language of 502(a)(3), we are constrained to fashion only those remedies that are appropriate and necessary to effectuate the purposes of ERISA.
 
 
 27
 Russell drew a distinction between contractual and extracontractual damages. See 473 U.S. at 144, 105 S.Ct. at 3091. It held that a beneficiary can bring an action under section 409(a) against a fiduciary for contractual but not for extracontractual damages. See 473 U.S. at 145-48, 105 S.Ct. at 3091-93. The distinction can be applied to this case. The damages the company and the fund allege are extracontractual. The harm about which they complain arose from the injunction issued by the West Virginia judge. The judge did not construe the plan. He simply enforced a provision of the West Virginia Workers' Compensation Act. He did not require the company or the fund to expend the assets of the plan to comply with the Act. Nor did he prescribe that compliance should be financed out of the company's operating funds. How compliance was to be funded was left to the discretion of the company. It was the West Virginia Workers' Compensation Act, not any provision of the plan, that was the source of the extracontractual damage that is at the core of this case. ERISA contains no provision for recovery of this type of extracontractual damages, and we are not persuaded that we should engraft a remedy on the statute under the guise of federal common law.
 
 
 28
 For these reasons, it is not appropriate for a federal court to grant the requested equitable relief to redress the state court's injunction. Resolving the issue requires a determination of whether the injunction bond rule as applied in West Virginia limits recovery to the amount of the bond when restitution is sought. Another issue to be resolved is whether restitution can be recovered from the union in view of the fact that the union received no part of the benefits paid to the company's employees. We believe that Congress did not intend that federal courts should develop common law to decide these issues that bear at best a most attenuated relation to the purposes of ERISA. The state court, which issued the injunction, is the appropriate forum for deciding these questions, not the federal court.
 
 
 29
 Federal common law implementing ERISA must develop incrementally. We hold only that under the facts of this case, it would be inappropriate for a federal court to determine the issues of restitution and attorney's fees claimed because of an improvidently issued state court injunction that was based on the state Workers' Compensation Act and not on any provision of the pension plan. Section 502(a)(3) of ERISA provides no remedy for the company and the fund for these extracontractual damages.
 
 
 30
 The judgment of the district court dismissing this action without prejudice is affirmed.