Margaret CROSBY

v.

Joan CROSBY.

Civ. A. No. Y 90–2513.

United States District Court,
D. Maryland.

Aug. 1, 1991.

198

Richard J. Hakerman, Baltimore, Md., for plaintiff.

Michael L. Marshall, Baltimore, Md., for defendant Joan Crosby.

Denis L. Casey, Washington, D.C., for defendant General Motors Corp.

James F. Bromley, Washington, D.C., for defendant Metropolitan Life Ins. Co.

JOSEPH H. YOUNG, Senior District Judge.

## MEMORANDUM

Currently pending before this Court is plaintiff's motion for summary judgment on all counts of her Amended Complaint. Also pending is defendant's motion to dismiss plaintiff's claims for unjust enrichment, action to quiet title and conversion, or in the alternative, for partial summary judgment on those counts. The relevant counts will be considered in turn.[1]

*Facts*

Plaintiff Margaret Crosby married Leonard (Linon) Crosby on December 10, 1966. The couple separated six months later, but were never divorced. Defendant Joan Crosby participated in a marriage ceremony with Leonard Crosby on January 25, 1969. Leonard Crosby died on January 29, 1990. Both women claim to be entitled to benefits and property accruing to Crosby's widow. Margaret Crosby claims that she was unaware of Leonard Crosby's purported marriage to Joan Crosby until after Leonard Crosby's death. Joan Crosby contends that plaintiff knew of the purported second marriage years earlier.

---

**1.** Plaintiff's complaint contains a count for contract damages against defendants General Motors Corporation and Metropolitan Life. By agreement of the parties and as set forth in this Court's letter of January 16, 1991, counts involving these defendants will be resolved following the resolution of the matters between Joan and Margaret Crosby. Since the contract count is not at issue here, this Court will treat plaintiff's motion as one for partial summary judgment.

*Counts of Plaintiff's Complaint*[2]

### A. Declaratory Judgment

■ Plaintiff asks this Court for a judgment declaring that she is the widow of Leonard (Linon) Crosby. Defendant asserts that plaintiff's claims are barred by the doctrine of estoppel.

Defendant claims that plaintiff is equitably estopped from claiming that Joan Crosby's marriage to Leonard Crosby was invalid. Defendant contends that Margaret Crosby knew of Leonard Crosby's purported marriage to Joan Crosby years before Crosby's death. She argues that Margaret Crosby's failure to come forward at that time constitutes a form of misrepresentation upon which defendant relied to her detriment.[3]

For estoppel to apply, defendant must show that she "changed [her] position for the worse, having *believed and relied* upon the *representations* of the party sought to be estopped." *Dorsey v. Beads*, 288 Md. 161, 171, 416 A.2d 739, 745 (1980). (Citations omitted. Emphasis supplied.)

■ Defendant can show no misrepresentations, but argues that plaintiff's failure to come forward with the facts regarding her marriage triggers estoppel in this case. This argument must fail. In Maryland, silence in the absence of a duty to speak will not give rise to estoppel. *Dahl v. Brunswick Corp.*, 277 Md. 471, 356 A.2d 221 (1976). Here, plaintiff did not owe defendant a duty of full disclosure.

Even if plaintiff's silence constituted representation for the purposes of an estoppel claim, defendant has failed to show reliance to her detriment. Defendant argues that she did not take actions which she might otherwise have considered because Marga-

ret Crosby never informed her of Leonard Crosby's previous marriage. However, Joan Crosby has produced no evidence that she *changed her position for the worse* in reliance on Margaret Crosby's silence. A more accurate characterization of the facts of this case is that she *failed to change* her position in any way. Joan Crosby cannot, therefore, maintain that Margaret Crosby is estopped from arguing that defendant is not the lawful wife of Leonard Crosby.

Plaintiff has produced a copy of a marriage license which proves that she married Leonard Crosby on December 10, 1966. The parties agree that this marriage was never legally terminated. Joan Crosby participated in a marriage ceremony with Leonard Crosby on January 25, 1969. A second marriage contracted while a valid first marriage still exists is a nullity. *Donnelly v. Donnelly*, 198 Md. 341, 346, 84 A.2d 89, 92 (1951). Clearly, Margaret Crosby is the legal wife of Leonard Crosby.

Defendant contends that summary judgment on this Count is improper because a dispute exists as to when Margaret Crosby learned of the purported second marriage. Although this fact remains in dispute, it is not material to the resolution of plaintiff's request for declaratory judgment. Plaintiff's motion for summary judgment is granted as to the declaratory judgment count.

### B. Action to Quiet Title

■ At the time of Leonard Crosby's death, he and Joan Crosby owned a home located at 4601 Woodhaven Road in Baltimore, Maryland. Plaintiff contends that this property belongs to her by the laws of intestate succession.[4] Plaintiff argues that the deed by which the real property was

---

**2.** The Counts of Plaintiff's Complaint are unnumbered and shall be referred to by cause of action.

**3.** Defendant argues that if she had known before Leonard Crosby's death that their marriage was invalid she could have protected her interests in his property and benefits. She contends that she could have forced Crosby to divorce his first wife and remarry her or that she could have left him and taken her share of the property.

**4.** Plaintiff's count for quiet title attempts to set forth a claim to the automobile owned by Joan and Leonard Crosby as well as their home. In Maryland, an action for quiet title lies only with regard to real property. Md.Code Ann., Real Property § 14–108 (1988 and 1990 Supp.) Plaintiff's claim to the automobile will be treated as an action for conversion only.

transferred to Leonard and Joan Crosby created a tenancy in common under which Margaret Crosby is entitled to Leonard Crosby's interest. Defendant argues that she is entitled to summary judgment on this count.

■ The deed for the house attempted to confer a tenancy by the entirety on Leonard and Joan Crosby. (*See* Exhibit 2 of Defendant's Motion for Partial Summary Judgment). However, in Maryland, a tenancy by the entirety may only be created for parties who were married at the time of the transfer. *McManus v. Summers*, 290 Md. 408, 412, 430 A.2d 80, 84 (1981). Plaintiff contends that the failed tenancy by the entirety in the Crosby deed created a tenancy in common. As Leonard Crosby's widow, plaintiff argues that she is entitled to his interest in the property.

■ Plaintiff's argument must fail. Under Maryland law, where two unmarried parties enter into a deed which specifically grants a tenancy by the entirety, a joint tenancy is created. As the Court held in *McManus v. Summers*, the use of the language "as tenants by the entireties" in the deed to Joan and Leonard Crosby signifies the parties' intention to create a right of survivorship. *Id.*, 290 Md. at 422, 430 A.2d at 87. Accordingly, a joint tenancy was created and Margaret Crosby is not entitled to claim Leonard Crosby's portion of the real property known as 4601 Woodhaven Road.

Plaintiff contends that summary judgment cannot be entered in favor of defendant because there is a dispute as to whether Leonard Crosby intended to create a right of survivorship in Joan Crosby. Plaintiff's position is without merit. In Maryland, where no contrary evidence of intention exists, the use of the language "tenants by the entirety" in a conveyance implies the intention to create a right of survivorship. *Id.*, 290 Md. at 421–22, 430 A.2d at 86–87. Plaintiff's motion shall be denied; defendant's motion for summary judgment as to the real property shall be granted.

## C. Conversion

■ At the time of Leonard Crosby's death, he and Joan Crosby owned an automobile. Plaintiff claims that, as Crosby's widow, she is entitled to his interest in this property. Plaintiff also claims that she has a right to certain pension benefits paid to Joan Crosby on Leonard Crosby's behalf. Defendant argues that plaintiff has failed to assert a valid claim for conversion and is not entitled to any portion of the property.

Defendant argues that a party must have a valid right of possession of a piece of property in order to have a claim for conversion. *Hamilton v. Ford Motor Credit Company*, 66 Md.App. 46, 502 A.2d 1057, *cert. denied*, 306 Md. 118, 507 A.2d 631 (1986). Plaintiff has produced no evidence which shows that she has ever been in actual possession of the property she seeks nor that she has ever had a right to immediate possession of the property. Plaintiff's motion for summary judgment on her conversion count must therefore be denied.

## D. Unjust Enrichment

Plaintiff argues that, as the legal wife of Leonard Crosby, she is entitled to the pension benefits accruing to his surviving spouse. She also contends that she is entitled to those pension benefits which have already been paid to defendant. Defendant asks this Court to grant summary judgment in her favor on the unjust enrichment count.

■ In order to state a claim for unjust enrichment, plaintiff must show:

1) a benefit conferred upon the defendant by the plaintiff;

2) an appreciation or knowledge by the defendant of the benefit; and

3) the acceptance or retention of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value.

*Mass Transit Admin. v. Granite Constr.*, 57 Md.App. 766, 774, 471 A.2d 1121, 1125 (1984).

■ Defendant, arguing that plaintiff's unjust enrichment claim must fail as it does

not set forth all of the necessary elements, contends that plaintiff has not shown that the pension benefits at issue were conferred upon the defendant by the plaintiff. Plaintiff responds that the benefits should have accrued to her as the surviving spouse of Leonard Crosby and maintains that they were "constructively or indirectly" conferred upon defendant by the plaintiff. Plaintiff cites no authority for this position and the Court has found none.

However, were this Court to determine that the benefits were conferred by plaintiff upon defendant, plaintiff still could not prevail. Margaret Crosby fails to prove that defendant's acceptance or retention of the benefit under the circumstances of this case make it inequitable for her to retain the payments. Joan Crosby accepted the pension benefits of a man with whom she lived for twenty two years. Defendant believed until after Leonard Crosby's death that the two were legally married. Margaret Crosby has come forward after having no contact with Leonard Crosby for as many as fifteen years and seeks his pension benefits. Under these circumstances it is not inequitable for defendant to retain the benefits already conferred upon her.

Plaintiff's claim for unjust enrichment as to the pension benefits must fail. Defendant's motion for summary judgment on the unjust enrichment claim will be granted.