Margaret CROSBY

v.

Joan CROSBY, et al.

Civ. No. Y–90–2513.

United States District Court,
D. Maryland.

March 18, 1992.

Richard J. Hackerman, Baltimore, Md., for plaintiff.

Michael L. Marshall, Baltimore, Md., for defendant Joan Crosby.

Denis L. Casey, Washington, D.C., for defendant Gen. Motors Corp.

James Frederick Bromley, Washington, D.C., for defendant Metropolitan Life Ins. Co.

## MEMORANDUM

JOSEPH H. YOUNG, Senior District Judge.

Plaintiff Margaret Crosby and defendants Metropolitan Life Insurance Company ("Metropolitan") and General Motors Corporation ("General Motors") have filed motions for summary judgment. Metropolitan has also filed a motion for summary judgment on its cross-claim against Joan Crosby. After a consideration of the pleadings, finding no disputed issues of material facts, Defendants' motions for partial summary judgment will be granted, and Plaintiff's motion for summary judgment will be granted in part.

## FACTS

Plaintiff Margaret Crosby married decedent Leonard Crosby on December 10, 1966. Six months later, they separated, but were never divorced. Leonard Crosby

then married Joan Crosby in January 1969. Leonard Crosby died on January 29, 1990. Both wives claimed to be entitled to benefits and property accruing to "Crosby's widow". In an Opinion issued August 1, 1991, the Court determined that Plaintiff was the legal widow of Leonard Crosby, *Crosby v. Crosby*, 769 F.Supp. 197, but, for equitable reasons, declined to find that Plaintiff was entitled to payment for benefits already made to Joan Crosby.

Plaintiff then moved to amend her complaint to state a claim of "unlawful nonpayment" against General Motors and Metropolitan.[1] Leonard Crosby was employed by General Motors at the time of his death. As an employee, he was insured under a group "life insurance" policy issued by Metropolitan. The policy provided that, upon the insured's death, Metropolitan would pay Survivor Income Benefit Insurance (SIBI benefits) to a "Class A Survivor" defined in the policy as the "widow of a deceased male Employee, but only if she was legally married to him at the time of his death and had been legally married to him for at least one year."

The policy also contained a "discharge of liability" clause, which provided:

> Payment of any Survivor Income Benefit to any survivor or survivors in any of the above classes shall forever release and discharge the Insurance Company from any further liability or obligation to the extent of such payment unless the Insurance Company, at the time of making such payment, had knowledge from its records or from written notification received by it that another person or persons was entitled thereto. (Group Policy Part VI, Section D)

Following Leonard Crosby's death, Joan Crosby submitted a copy of her marriage certificate, on which Leonard Crosby indicated that he was never married, a birth certificate and other information to verify that she was the legal spouse of the deceased. Plaintiff does not dispute Defendants' claim that at the time of the payments to Joan Crosby, neither General Motors nor Metropolitan had any knowledge of the existence of a second "wife".

### Discussion

General Motors and Metropolitan contend that they have fulfilled the fiduciary duty to the insured imposed by 29 U.S.C. §§ 1101–1114, and are protected from liability by the discharge-of-liability clause. Plaintiff argues that the discharge-of-liability clause is a forfeiture provision, and is contrary to the underlying policy of the Employment Retirement Income Security Act ("ERISA"). 29 U.S.C. 1001 et seq.

The Court is convinced that in light of the facts of this case, Defendants have not breached their fiduciary duty to the deceased or to his beneficiary. After Leonard Crosby's death, and with no knowledge of a second spouse, Defendants justifiably relied on the legal documents "verifying" that Joan Crosby was the legal spouse of the deceased. Defendants are not saved, however, by the discharge-of-liability clause which discharges the insurer from liability *only if* payment is made to an "intended" beneficiary. The classes of "intended" beneficiaries are contractually defined. A "widow" is strictly defined as the *legal* spouse of the deceased. Thus Metropolitan's liability to Margaret is not discharged by payment to Joan because Joan is not an "intended" beneficiary.

The drafters of ERISA provided for circumstances where there is no clear rule of law by authorizing courts to develop federal common law to grant "appropriate equitable relief." *See* 120 Cong.Rec. 29942 (1974). *U.S. Steel Mining Co. v. District 17, United Mine Workers*, 897 F.2d 149, 152 (4th Cir.1990). The general rule is that an insurer who in good faith pays the proceeds of an insurance policy to a person, who by the policy is the proper recipient, is discharged from further liability.[2] Article

---

**1.** The Original Complaint contained a count for contract damages against defendants General Motors and Metropolitan. The counts involving these defendants were stayed pending resolution of the matters between Joan and Margaret Crosby.

**2.** Where the insured has designated his "widow" by name, the insurance company is absolved

48A (Md.Code) § 381 (1991 Rpl.Vol.); *Rogers v. Unionmutual Stock Life Insurance Co.*, 782 F.2d 1214 (4th Cir.1986). *See also*, 2 Appleman, Insurance Law and Practice, § 803 (1966). Similarly, where the beneficiary is designated in generic terms, such as "widow", an insurer who uses reasonable efforts to ascertain the correct beneficiary, and makes a good faith payment is discharged of liability for payments already made. The obvious purpose of such a rule is to protect insurers from being required to make multiple payments on the same policy.[3] *See e.g. Union Labor Life Ins. Co. v. Parmely*, 270 Md. 146, 311 A.2d 24 (1973); *Rogers v. Unionmutual Stock Life Insurance Co.*, 782 F.2d 1214 (4th Cir. 1986).

On facts similar to those under consideration, the court in *Parmely declined* to apply principles of estoppel where the lawful spouse waited three months before filing her claim against the insurer. The court stated that there was no evidence that the lawful spouse either knew of the policies at issue at the time of her husband's death, or knew of the putative wife's existence much less the purported second marriage.

Margaret Crosby concedes that she knew of Joan Crosby and the purported second marriage as early as January, 1990, when she attended Leonard Crosby's funeral. Nevertheless, she delayed asserting her spousal rights until September of 1990. Though she may not have known specifically of the SIBI benefits, she was put on notice of potentially conflicting claims to the estate of the deceased. With "superior knowledge", Margaret Crosby was in a better position than either Joan or the insurance company to bring the conflict to light before any payments were made. Thus,

Plaintiff is equitably estopped from asserting a claim against the insurance company for benefits already paid to Joan Crosby.

In the Opinion dated August 1, 1991, the Court declared Margaret Crosby to be the legal widow of decedent Leonard Crosby. As such, Plaintiff is entitled to receive all SIBI benefits that have accrued since October 1, 1990, and all future benefits accruing to the widow of Leonard Crosby. Plaintiff's motion for summary judgment on the issue of present entitlement will be granted.

Defendant Metropolitan Life has indicated that all past-due unpaid benefits are being held, and will be paid upon the order of the Court with six percent simple interest applied to the principal. Plaintiff's request for pre-judgment interest in excess of the interest already applied is denied.

---

from liability, even though the designated beneficiary is not the lawful widow of the decedent.

**3.** Article 48A (Md.Code) § 381 provides that an insurer is discharged from liability where payment is made with no knowledge, either actual or constructive, of another person with entitlement to the benefits. The Fourth Circuit notes that the purpose of such "notification" provisions is to vest the *claimant* with some responsibility to "notify the insurer so that, if presented

with conflicting claims, the insurer can institute an interpleader action, pay the insurance proceeds into court and have the dispute judicially resolved." *Rogers v. Unionmutual Stock Life Insurance Co.*, 782 F.2d 1214 (4th Cir.1986). Though the notification provisions of the Maryland Code do not apply to this case *per se*, the Court notes that a person with superior knowledge of a potential conflict cannot be heard to complain if that person fails to speak up.